## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

FILED MAY 19 '03 PM 4 :19 USDCALS

| | | |
|---|---|---|
| MICHAEL DEWAYNE ANDERSON, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 02-0661-BH-C |
| JERRY FERRELL, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. §§ 1981, 1983, and 1985.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which can be granted.

### I. Complaint as Amended (Docs. 1 & 4).

In the original complaint (Doc. 1), plaintiff names as defendants the state of Alabama, Governor Don Seigelman, Supreme Court Justice Douglas I. Johnstone, District Attorney John Tyson, Assistant District Attorney Jo Beth Murphree, Assistant District Attorney Martha Tierney, Judge Robert E. Key, Judge Herman Young Thomas, Warden

Jerry Ferrell, Captain Martinez, and Lieutenant Richard Hetrick.  Plaintiff's allegations

against these defendants are set out below in their entirety.

> (1) Conspiracy by the trial Judge, District Attorney, Trial
> Counsel, 2 - Appellate Counsels, Police Corporal, and the
> State of Alabama.
>
> (2) The 1901 Constitution of Alabama is racist, and
> descriminates aginst blacks, and wrote under white supremacy
> law:
>
> (3) Alabama's Habitual Offender Act under 446 is
> unconstitutional and racially motivated to imprison the
> African Americans within the State of Alabama;
>
> (4) The Sixth Amendment of the United States, and
> Alabama's Constitution 1901, is bias and prejudice;
>
> The State of Alabama, the Courts, and its laws, are an
> ongoing performance of deceit and prejudicial acts of events
> with each other in power.  The blacks get no justice, and the
> whites get the pat on the back, and their wrongs are just over
> looked.  Plaintiff asked this court to grant him
> (50,000,000.00) (fifty million dollars) for damages punitively,
> and leaves compensatory damages open for a later date.
> Alabama has injured the plaintiff from birth, and he is
> inclinned to square up with the events that continuously take
> place in his travels of life.  And that none of the defendants in
> this action can claim qualified immunity because they were
> aware of their actions when taking them.

Doc. 1, at 5.

Subsequent to filing the complaint, plaintiff filed petitioner's motion to amend

(Doc. 4), in which he contends his complaint is not frivolous as evidenced by the attached

newspaper articles.  In the motion, plaintiff also adds as defendants Judge Ferrell McRae,

2

Assistant District Attorney Ashley Rich, Court Clerk Susan Wilson, attorney Arthur P.

Clarke, attorney Robert F. Clark, attorney W. Lloyd Copeland, attorney Edward L. D.

Smith, Officer Matthew Thompson, Officer Ronald Myers, Assistant Attorney General

Joseph G. L. Marston, III, Judge H. W. "Bucky" McMillian, Hugh Evans III, Margaret S.

Childers, Assistant Attorney General Alyce S. Robertson, Alabama Bar Association,

police informant Donna Miller, police informant William Wilson, and Officer Joe Fail.

## II. **Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing plaintiff's

complaint and amendment under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(i), a

claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."

*Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338

(1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are

immune from suit, *id.* at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which

clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim,

such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636,

640 n.2 (11th Cir. 1990).  Judges are accorded "not only the authority to dismiss [as

---

[1]The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made
many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity
and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct.
1827, 104 L.Ed.2d 338 (1989), was unaltered.  *See Bilal v. Driver,* 251 F.3d 1346, 1349 (11th
Cir.) , *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*,
207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now
mandatory.  *Bilal,* 251 F.3d at 1348-49.

frivolous] a claim based on indisputably meritless legal theory, but also the unusual power

to pierce the veil of the complaint's factual allegations and dismiss those claims whose

factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure

to state a claim upon which relief may be granted "only if it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations."

*Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)

(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see*

*Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that §

1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

## III. <u>Discussion</u>.

### A. <u>Pleading Deficiencies</u>.

As alleged, plaintiff's complaint is vague and conclusory.  It does not give each

defendant fair notice of the claims against him or her.  Whereas, Rule 8(a) of the Federal

Rules of Civil Procedure requires the complaint be "' a short and plain statement of the

claim' that will give the defendant fair notice of what the plaintiff's claim is and *the*

*grounds upon which it rests*." *Leatherman v. Tarrant County Narcotics Intelligence and*

*Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993)

(emphasis added) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "'It is not enough,

to indicate merely that the plaintiff has a grievance but sufficient detail must be given so

4

that the defendant, and the Court, can obtain a fair idea of the what the plaintiff is complaining, and can see that there is some legal basis for recovery.'" *L.S.T. , Inc. v. Crow,* 49 F.3d 679, 684 (11th Cir. 1995) (quoting *Fullman v. Graddick,* 739 F.2d 553, 556 (11th Cir. 1984)).  Furthermore, a complaint that is vague and conclusory is subject to dismissal. *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984).  Even though the courts give some leniency to *pro se* litigants, the courts will not act as a plaintiff's *de facto* attorney or rewrite a deficient complaint.  *GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1368 (11th Cir. 1998).

The present complaint does not advise the Court of the nature of plaintiff's claims much less his claim against each defendant.  The Court has no idea about plaintiff's claims but can only surmise that the majority, if not all, of his claims involve his murder conviction because some of the defendants appear to have been involved the criminal proceedings brought against plaintiff.  Accordingly, the undersigned finds plaintiff's complaint fails to comply with Fed.R.Civ.P. 8(a).  And because the complaint is vague and conclusory, the undersigned finds it is due to dismissed for failure to state a claim. *Fullman,* 739 F.2d at 556-57.

**B.  <u>Section 1981 Claims.</u>**

Notwithstanding plaintiff's deficient pleading, the Court will address the substantive aspects of plaintiff's complaint.  However, the Court finds plaintiff's substantive claims are hindered by his deficient pleading.  Plaintiff asserts that his action

5

arises under several statutes, namely, 42 U.S.C. §§ 1981, 1983, and 1985(2) and (3).[2]

Under § 1981, the requirements for a *prima facie* case are: "(1) [the plaintiff be] a

member of a racial minority, (2) the defendant had an intent to discriminate on the basis

of race; and (3) the discrimination concerned one or more of the activities enumerated in

the statute."[3] *Rutstein v. Avis Rent-A- Car Systems, Inc.,* 211 F.3d 1228, 1235 (11th Cir.),

*cert. denied, Zeirei Agudath Israel Bookstore v. Avis Rent-A-Car System, Inc.,* 532 U.S.

---

[2]Due to plaintiff's language concerning § 1985, the Court deduces that subsections 2 and 3 are the bases for his § 1985 claims.

[3]Section 1981, equal rights under the law, provides:

> (a) Statement of equal rights
>
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined
>
> For purposes of this section, the term "make and enforce contracts" included the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment
>
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

6

919, 121 S.Ct. 1354, 149 L.Ed.2d 285 (2001).  Plaintiff, however, has not identified

himself as a member of a racial minority in his pleadings.  Therefore, the Court is left to

infer that he is a member of a racial minority, which is an inference that the Court cannot

make.  *GJR Investments,* 132 F.3d at 1368.  Moreover, plaintiff's complaint as amended

does not contain allegations showing that *each* defendant intended to discriminate against

the plaintiff.  In fact, his complaint is devoid of any allegation that a defendant

discriminated against him.  Accordingly, the undersigned finds that plaintiff has failed to

state a claim under 42 U.S.C. § 1981.

Furthermore, in regard to the defendants who are state officials, which most

defendants appear to be, § 1981 does not create a cause of action against state officials.

*Butts v. County of Volusia,* 222 F.3d 891, 894 (11th Cir. 2000).  Section 1983 "contains

the sole cause of action against state actors for violations of § 1981."  *Id.* at 892; *see Jett*

*v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989).

**C.  Section 1983 Claims.**

In a § 1983 action, a plaintiff must establish a causal connection between a

defendant's actions, orders, customs, policies, or breaches of statutory duty and a

deprivation of the plaintiff's constitutional rights in order to state a claim upon which

relief may be granted.[4]  *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986);

---

[4]Section 1983 provides:

> Every person who, under color of any statute, ordinance,
> custom, or usuage, of any State or Territory or the District of

*Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir.), *cert. denied,* 464 U.S. 932, 104

S.Ct. 335, 78 L.Ed.2d 305 (1983).   In the present action, plaintiff has not shown

involvement by any defendant in a violation of his constitutional rights.   Plaintiff has,

therefore, failed to establish the required causal connection for a § 1983 action.   Thus,

plaintiff has failed to state a claim under § 1983 upon which relief may be granted.

In addition, plaintiff contends that there was a conspiracy.   In order to state a

conspiracy claim under 42 U.S.C. § 1983, a plaintiff "must show an underlying actual

denial of [his] constitutional rights," *GJR Investments,* 132 F.3d at 1370, and "that the

parties 'reached an understanding' to deny the plaintiff his or her rights [and] prove an

actionable wrong to support the conspiracy," *Bailey v. Board of County Comm'rs of*

*Alachua County, Fla.,* 956 F.2d 1112, 1122 (11th Cir.) (quoting *Bendiburg v. Dempsey,*

909 F.2d 463, 468 (11th Cir.), *cert. denied,* 500 U.S. 932, 111 S.Ct. 2053, 114 L.Ed.2d

459 (1991)), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 58 (1992).   "[T]he

linchpin for conspiracy is agreement, which presupposes communication." *Id.*

---

Columbia, subjects, or causes to be subjected, any citizen of the
United States or other person within the jurisdiction thereof to the
deprivation of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured in an
action at law, suit in equity, or other proper proceeding for redress,
except that in any action brought against a judicial officer for an
act or omission taken in such officer's judicial capacity, injunctive
relief shall not be granted unless a declaratory decree was violated
or declaratory relief was unavailable.   For the purposes of this
section, any Act of Congress applicable exclusively to the District
of Columbia shall be considered to be a statute of the District of
Columbia.

Moreover, vague and conclusory conspiracy allegations are subject to dismissal.

*Fullman,* 739 F.2d at 556-57. Plaintiff's allegation of a conspiracy is conclusory and is

absent of any supporting facts that would show an agreement was reached. Therefore,

plaintiff has failed to state a conspiracy claim under § 1983.

### D. Section 1985 Claims.

Next, plaintiff asserts that his claims arise under 42 U.S.C. § 1985. Plaintiff's

allegations appear to implicate subsections 2 and 3. However, plaintiff's reference to

these subsections is general, to-wit: "(2) obstruction of justice (3) depriving person of

rights and privileges." Nevertheless, under both subsections 2 and 3 a conspiracy is

required.[5] *Haddle v. Garrison,* 525 U.S. 121, 123, 119 S.Ct. 489, 491, 142 L.Ed.2d 502

---

[5]Section 1985 provides, in part:

(2) Obstructing justice; intimidating party, witness, or juror

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two more persons conspire for the purpose of impeding, hindering obstructing or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

9

(1998) (§ 1985(2)); *Chavis v. Clayton County Sch. Bd.,* 300 F.3d 1288, 1292 (11th Cir.

2002) (§ 1985(2)); *Arnold v. Board of Ed. of Escambia County, Ala.,* 880 F.2d 305, 312

(11th Cir. 1989) (§ 1985(3)).  Under § 1985 "[t]he existence of a conspiracy may be

proven by circumstantial evidence and a plaintiff must simply plead general facts from

which a conspiracy can be inferred to withstand a 12(b)(6) motion.  (Citation omitted.)

Facts detailing the overt acts must be pled more specifically."  *Id.* at 317 (citing *Quinones*

*v. Szorc,* 771 F.2d 289, 291 (7th Cir. 1985)).  While on the other hand, "[i]n civil rights

and conspiracy actions, conclusory, vague, and general allegations of conspiracy may

---

(3) Depriving person of rights or privileges

     If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation against any one or more of the conspirators.

10

justify dismissal of a complaint." *Kearson v. Southern Bell Tel. & Tel. Co.,* 763 F.2d 405, 407 (11th Cir.) (citing *Fullman,* 553 F.2d at 556-57), *cert. denied,* 474 U.S. 1065, 106 S.Ct. 817, 88 L.Ed.2d 790 (1986).

In the present action, plaintiff alleges in his original complaint that there was a conspiracy and identifies the participants in the conspiracy by their positions, not by their names. All the defendants identified in the original complaint do not appear to be included in this conspiracy. Furthermore, plaintiff identifies no acts that any defendant took pursuant to the conspiracy, nor is the object of the conspiracy specified. The Court, therefore, finds plaintiff's allegations of a conspiracy to be vague and conclusory. Accordingly, plaintiff has failed to state a claim under § 1985.

**E. Applicability of *Heck*.**

Even though the Court is not able to discern the nature of plaintiff's claims in this action, but due to the positions most of the defendants hold, the Court deduces that some, if not all, of plaintiff's claims center on his conviction for murder. If, in fact, plaintiff is bringing damages claims challenging the constitutionality of his conviction, his claims would be barred by the decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372-73, 129 L.Ed.2d 383 (1994), if a favorable decision by this Court on his claims would have the effect of invalidating his criminal conviction. *Martinez v. Ensor,* 958 F. Supp. 515, 517-18 (D. Colo. 1997) (finding an inmate's claims under §§ 1981, 1983, and 1985 challenging his conviction were barred by *Heck*); *accord Abella v.*

*Rubino,* 63 F.3d 1063, 1066 (11th Cir. 1995) (applying *Heck* to a *Bivens* action and noting

that even though a concern for comity was not present in a *Bivens* action, as it was in

*Heck,* the concern for the finality of a criminal conviction and for consistent results

remained present in *Bivens* action).  The exception to the *Heck* rule is if a plaintiff can

prove his criminal conviction "has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §

2254," *id.,* then he can proceed on a damages claim in a civil rights action that would

invalidate his conviction if a favorable ruling were made by a court.  Plaintiff, however,

cannot show his murder conviction has been invalidated.

In *Anderson v. Jones,* Civil Action No. 00-0207-CG-S, plaintiff challenged the

constitutionality of his murder conviction in a habeas petition under 28 U.S.C. § 2254.[6]

Plaintiff's habeas petition was denied on February 7, 2003, *see* Docs. 47, 53, 54, and his

appeal was effectively denied on May 12, 2003 by the denial of his certificate of

appealability (Doc. 61).  Therefore, plaintiff's conviction has not been invalidated in a

manner prescribed by *Heck, supra.*  Thus, plaintiff is barred at this time from bringing any

damages claims that would have the effect of invalidating plaintiff's conviction if the

Court were to rule favorably upon them.

---

[6]This Court takes judicial notice of its records.  *ITT Rayonier, Inc. v. United States,* 651
F.2d 343, 345 n.2 (5th Cir. 1981).

## IV. **Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this _19th_ day of May, 2003.

WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.    *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

UNITED STATES MAGISTRATE JUDGE